UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 1, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Orion G. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
       Civil No. 21-2425-BAH

Dear Counsel:

On September 22, 2021, Orion G. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 10, 14, 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for a period of disability and Disability Insurance Benefits ("DIB") on September 5, 2018, alleging a disability onset of April 1, 2016.[1] Tr. 202–09. Plaintiff's claim was denied initially and on reconsideration. Tr. 126–29, 132–34. On September 29, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 52–84. Following the hearing, on February 11, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 25–51. The Appeals Council denied Plaintiff's request for review, Tr. 4–9, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.   **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] Plaintiff initially listed October 23, 2017, as the alleged disability onset date, Tr. 206, and subsequently amended said date to April 1, 2016, Tr. 204.

[2] 42 U.S.C. §§ 301 et seq.

*Orion G. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2425-BAH
September 1, 2022
Page 2

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process used to evaluate a claimant's disability determination. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (citation omitted).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 1, 2016, the alleged onset date. Tr. 30. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "cervical spine degenerative disc disease, post-concussion syndrome, diabetes mellitus, type I, obstructive sleep apnea, hypertension, affective mood disorder, and anxiety disorder." Tr. 30. The ALJ also determined that Plaintiff suffered from the non-severe impairment of hyperlipidemia. Tr. 31. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 31. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs; balance, stoop, kneel, crouch, and crawl. The claimant can never climb ropes, ladders, and scaffolds. He can frequently reach overhead, laterally, and in all directions with the bilateral upper extremities. The claimant must avoid concentrated exposure to vibrations and hazards such as dangerous machinery and unprotected heights. He can perform simple, routine tasks, requiring no more than occasional changes in the work setting, with no production rate for pace of work (e.g., assembly line work). The claimant can tolerate occasional interaction with the general public and co-workers (See Exhibit 14E/4 and 8).

Tr. 34–35. The ALJ determined that Plaintiff was unable to perform past relevant work as a Telecommunications manager/Superintendent of Communication, DOT[3] 184.117-082, but could

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Case 8:21-cv-02425-BAH   Document 19   Filed 09/01/22   Page 3 of 5

*Orion G. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2425-BAH
September 1, 2022
Page 3

perform other jobs that existed in significant numbers in the national economy. Tr. 44–45. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 46.

### III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.""). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff's sole argument on appeal is that the ALJ erroneously failed to support the RFC determination with substantial evidence. Pl.'s Br. 9–21, ECF 14-1. Specifically, Plaintiff avers that the ALJ improperly found Plaintiff's ability to reach overhead less limited than the record supports. *Id.* at 11. The ALJ concluded that Plaintiff could "frequently," rather than "occasionally," reach in all directions with the bilateral upper extremities. *Id.* at 12. Plaintiff asserts that "[r]emand is warranted because the ALJ's decision is lacking any acknowledgement of the frequency and sustainability of such activities he cited to undermine Plaintiff's well supported reaching limitations." *Id.* at 16. Defendant counters that "[t]he ALJ's well-reasoned decision makes clear the reasons for finding Plaintiff limited to frequent reaching. The ALJ provided a narrative discussion, citing to specific medical and nonmedical evidence." Def.'s Br. 9–10, ECF 17-1. Defendant is correct in arguing that the ALJ's decision survives substantial evidence review.

An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). In *Mascio*, the court held that "[r]emand may be appropriate . . . where an ALJ fails to

*Orion G. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2425-BAH
September 1, 2022
Page 4

assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)).

Here, unlike in *Mascio*, the ALJ provided ample reference to the record to support the RFC determination with substantial evidence. The ALJ supported each conclusion with medical and non-medical evidence, clearly considering Plaintiff's testimony, function reports, medical opinions, and medical facts. *See* Tr. 35–44. As such, Plaintiff's argument that the ALJ improperly determined the frequency at which Plaintiff is able to reach overhead amounts to a request for this Court to reweigh the evidence. "This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.2005) (per curiam)). Although reasonable minds may differ as to whether Plaintiff can reach overhead frequently or occasionally, the Court defers to the ALJ's determination because it is supported by substantial evidence.

Plaintiff points to the opinions of Dr. A. R. Totoonchie and Dr. Wyatt S. Beazley to assert that "both concluded that Plaintiff retained the capacity to engage in some amount of reaching in all directions, but the frequency of such reaching was limited to no more than occasional reaching." Pl.'s Br. 11–12, ECF 14-1. However, "to the extent that Claimant contends the ALJ did not adopt an RFC assessment endorsed by his treating physicians . . . , it is also clear that the RFC assessment lies squarely with the ALJ, not with any medical provider/examiner." *Jones v. Saul*, No. 2:20-CV-00437, 2021 WL 1015821, at *14 (S.D.W. Va. Feb. 23, 2021), *report and recommendation adopted*, No. 2:20-CV-00437, 2021 WL 1015896 (S.D. W. Va. Mar. 16, 2021) (citing 20 C.F.R. § 404.1546(c); *Felton-Miller v. Astrue*, 459 F. App'x 226, 230–31 (4th Cir. 2011) ("The ALJ was not required to obtain an expert medical opinion as to [the] RFC.")). Here, the ALJ explained,

> I find the opinion of Dr. Totoonchie partially persuasive with regard to the lifting and carrying, pushing, pulling, postural limitations. I do not find the evidence supports limiting the claimant to only sedentary exertion in standing or walking, because the physical examinations, imaging studies, observations of his activities do not support so severe a restriction in standing and walking. Substantial evidence does not support this opinion and it conflicts with other opinions in the record that indicate the claimant could perform light exertional activity, for example, the opinion of Dr. Beazley.

Tr. 42 (citing to Tr. 85–102, 105–21). Then, the ALJ explained that they found Dr. Beazley's opinion generally persuasive, but that they "diverge with Dr. Beazley's opinion in that the evidence supports frequent use of the upper extremities to reach, as opposed to occasional. I base this on the claimant's ability to type, operate a lawnmower, and drive a vehicle." Tr. 42. The Court finds this explanation adequately supports their decision to limit Plaintiff to frequent, rather than occasional, overhead reaches.

The Court additionally notes that in considering the severity of Plaintiff's symptoms, the

*Orion G. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2425-BAH
September 1, 2022
Page 5

ALJ shared its understanding that, "the [SSA's] factors must be carefully considered, but the claimant's allegations of pain and functional loss does not have to be accepted at face value in every case. Any other interpretation would mean that the filing of the application and related procedural papers would be determinative in nearly every case." Tr. 37. The Court appreciates the clarity with which the ALJ explained the ALJ's approach to symptom analysis. Further, the ALJ explained, "the question is not whether such symptoms exist, but whether those symptoms occur with such frequency, duration, and severity as to preclude all work activity on a continuous and regular basis." Tr. 37. The ALJ concludes that "[g]iven these factors, I find that restricting the claimant to performing the range of work . . . adequately addresses the location, duration, frequency, and intensity of the claimant's alleged symptoms as well as precipitating and aggravating factors." Tr. 37. The Court declines to upset this analysis.

In sum, the ALJ thoroughly analyzed the record and supported each of their findings with substantial evidence. Therefore, the ALJ's RFC determination is supported by substantial evidence and the decision is affirmed.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 14, is DENIED and Defendant's motion for summary judgment, ECF 17, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge