UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**BRENDAN A. HURSON**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0782**
**MDD_BAHChambers@mdd.uscourts.gov**

October 28, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Orion G. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-2425-BAH

Dear Counsel:

On September 15, 2022, pursuant to Local Rule 105.10, Plaintiff filed a Motion to Reconsider ("Motion") the Court's September 1, 2022 order denying Plaintiff's motion for summary judgment, granting the Social Security Administration's ("SSA's" or "Commissioner's") motion for summary judgment, and affirming the SSA's judgment. ECF 21.

When adjudicating a motion for reconsideration under Local Rule 105.10, this Court uses a similar standard to that under Federal Rule of Civil Procedure 59(e). *Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (citing *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001)). Under Rule 59(e), the Court may alter or amend its prior ruling in three situations: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti*, 2018 WL 3973074, at *1 (internal quotation marks omitted) (quoting *Potter*, 199 F.R.D. at 552). The first two criteria are inapplicable here, and Plaintiff's fails to satisfy the third criteria.

Plaintiff argues that, in its September 1, 2022, order, the Court "divines substantial evidence from the ALJ's decision by deviating from the Fourth Circuit's consistent holdings regarding an ALJ's incomplete reliance on daily activities, and does so without a logical basis for such a material change in analysis." ECF 21, at 2. Plaintiff contends that the Administrative Law Judge ("ALJ") did not support the conclusion that Plaintiff could perform frequent, as opposed to occasional, reaching with substantial evidence, and that the Court did not adequately resolve this point in its order. ECF 21, at 1–3.

As explained in the September 1, 2022, order, the ALJ adequately explained the conclusion regarding Plaintiff's ability to reach, including the duration he could do so. The ALJ noted—in the discussion of the persuasiveness of medical opinions—that "I diverge with Dr. Beazley's opinion in that the evidence supports frequent use of the upper extremities to reach, as opposed to occasional. I base this on the claimant's ability to type, operate a lawnmower, and drive a vehicle." Tr. 42. Plaintiff argues in his motion for summary judgment and this Motion that this

*Orion G. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2425-BAH
October 28, 2022
Page 2

statement by the ALJ runs afoul of Fourth Circuit precedent because the ALJ did not discuss the extent to which Plaintiff could perform the daily activities. Plaintiff contends that neither the ALJ nor the Court cited "to a single medical opinion indicating that Plaintiff has the capacity to frequently reach throughout the course of an eight-hour workday." ECF 21, at 4. But it is clear from a review of the ALJ's decision as a whole that the ALJ considered the issue and that there is substantial evidence to support the conclusion that Plaintiff can reach frequently, as opposed to occasionally. Earlier in the opinion, the ALJ adequately discussed how Plaintiff's musculoskeletal limitations factor into the residual functional capacity and "warrant restricting the claimant to only frequent reaching overhead, laterally, and in all directions," and the ALJ explained how the medical evidence in the record supports this conclusion. Tr. 40. The ALJ further notes "[t]hough the claimant's subjective allegations are considered[,] the evidence supports he retains the ability to frequently reach laterally, overhead, and in all directions rather than only occasionally," again citing multiple pieces of evidence in the record and explaining how that evidence supports this conclusion. Tr. 40. Thus, the ALJ's opinion is supported by substantial evidence, and I am not permitted to disturb those conclusions on review. *See Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012). As such, Plaintiff has not shown that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

Because there is no appropriate basis for reconsideration, Plaintiff's Motion to Reconsider, ECF 21, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge